**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

Oscar BERGAL,

Petitioner,

v.

Kenneth GENALO, Field Office Director of Enforcement and Removal Operations, New York Field Office, Immigration and Customs Enforcement; Markwayne MULLIN, Secretary, U.S. Department of Homeland Security; Todd BLANCHE, U.S. Attorney General.

Respondents.

Case No. 1:26-cv- 08928

**MEMORANDUM OF LAW**
**IN SUPPORT OF PETITIONER'S MOTION**

# Table of Contents

_Toc242397808
INTRODUCTION ........................................................................................................ 1

ARGUMENT .............................................................................................................. 1

I. Pursuant to Its Authority Under the All Writs Act, The Court Should Order that Petitioner Remain Here or Alternatively That He Return. ........................................................ 2

II. The Particular Legal Claims in This Case Make Attorney Access Crucial. ...................... 3

CONCLUSION ............................................................................................................ 4

## Table of Authorities

**Cases**

*Adams v. United States*, 317 U.S. 269 (1942)........................................................................ 2

*Arctic Zero, Inc. v. Aspen Hills, Inc.*, No. 17-CV-00459-AJB-JMA, 2018 WL 2018115 (S.D. Cal. May 1, 2018)................................................................................................................ 2

*California v. M&P Investments*, 46 F. App'x 876 (9th Cir. 2002)................................................ 2

*F.T.C. v. Dean Foods Co.*, 384 U.S. 597 (1966) ........................................................................... 2

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092 (11th Cir. 2004)............................................... 2

*Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224 (2d Cir. 1992)........................................................................................................... 2

*Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284 (S.D.N.Y. June 13, 2025) . 3

**Statutes**

28 U.S.C. § 1651(a) ..................................................................................................................... 2

28 U.S.C. § 2243 ............................................................................................................................ 3

## INTRODUCTION

Petitioner Oscar Bergal moves the Court to enjoin his transfer out of the New York City area or, if he has already been transferred, to order his immediate return. Mr. Bergal's detention as he drove his son home in the late afternoon on Thursday sparked outrage and protests across New York City. Although Mr. Bergal was initally hospitalized, it appears that ICE moved quickly to transfer him out of the hospital to an unknown location—raising grave concerns for his health and well-being. The Mayor stated at a press conference approximately two hours ago that ICE "put the man in an unmarked vehicle and whisked him away." Exh. A, *ICE officer shoots, wounds man in car on crowded New York street.* Counsel in the instant petition as well as Mr. Bergal's counsel in his removal proceedings—and his family—have no information on his whereabouts since that transfer. Under normal circumstances, transfer out of the New York City makes it significantly harder to access and exchange documents with detained clients. *See generally* Exh. B, Ostolaza Decl. The emergency posture of Mr. Bergal's case, and in particular the need to obtain authorizations and health records, makes immediate, in-person access to him essential to preparing and preserving his legal claims. *Id.* at ¶ 5, 8-10. Preventing his transfer would also facilitate visits with his family, including his two minor children.

Accordingly, Petitioner brings this motion pursuant to the All Writs Act, 28 U.S.C. § 1691, and the Court's inherent equitable authority seeking an order preventing his transfer outside the states of New York or New Jersey. Alternatively, should he already have been transferred, he seeks an order that Respondents return him to New York or New Jersey.

## ARGUMENT

This Court has ample authority to enjoin Petitioner's transfer outside this District and, if necessary, to order his immediate return.

## I. Pursuant to Its Authority Under the All Writs Act, The Court Should Order that Petitioner Remain Here or Alternatively That He Return.

The All Writs Act ("AWA") provides federal courts with the power to preserve the integrity of their jurisdiction to adjudicate claims before them. 28 U.S.C. § 1651(a) (authorizing federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"); *see also Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction" (cleaned up)).

The AWA encompasses a federal court's power to "maintain the status quo by injunction pending review of an agency's action through the prescribed statutory channels," *F.T.C. v. Dean Foods Co*., 384 U.S. 597, 604 (1966), and courts have found that the AWA should be broadly construed to "achieve all rational ends of law." *California v. M&P Investments*, 46 F. App'x 876, 878 (9th Cir. 2002) (quoting *Adams v. United States*, 317 U.S. 269, 273 (1942)).

The AWA standard differs from traditional preliminary injunction requirements. Unlike a conventional request for injunctive relief, which requires, among other things, that a party show injury and a likelihood of success, the AWA requires only that a party identify a threat to the integrity of an ongoing proceeding. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100–01 (11th Cir. 2004) (collecting cases). Accordingly, to issue an injunction pursuant to the AWA, this Court need not find that there is a likelihood of success on the merits of the underlying claims—although Petitioner here readily satisfies that standard. *See Arctic Zero, Inc. v. Aspen Hills, Inc.*, No. 17-CV-00459-AJB-JMA, 2018 WL 2018115, at *5 (S.D. Cal. May 1, 2018) (distinguishing AWA injunction from traditional preliminary injunction). Courts likewise retain

comparable, inherent equitable authority to enjoin transfers pending a habeas petition. *See* 28 U.S.C. § 2243 (habeas courts authorized to order relief "as law and justice require").

Drawing on this authority and the AWA, Courts in this district and the Second Circuit regularly enjoin Respondents from transferring or removing habeas petitioners during the pendency of litigation. *See*, *e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2 (S.D.N.Y. June 13, 2025) (collecting cases); *e.g. Pena v. Genalo*, No. 26 CIV. 01183 (JHR), 2026 WL 412118, at *1 (S.D.N.Y. Feb. 12, 2026). When a petitioner has already been transferred, courts exercise that same authority to order the individual's return where doing so will protect their ability to access counsel. *See Ozturk v. Hyde*, 136 F.4th 382, 402 (2d Cir. 2025) (upholding return order meant to, among other things, access legal services).

Here, the AWA standard is easily met. First, Petitioner has instituted a habeas action pending before this Court, which must assure itself of its jurisdiction as this litigation unfolds. The Court can order Petitioner's production at any future hearing only if he is detained in the area. Moreover, the integrity of these proceedings will depend on whether Petitioner is able to access his attorneys and otherwise participate in this litigation. Moreover, for the reasons set forth below, attorney access is particularly crucial and time sensitive given Mr. Bergal's unique posture and legal claims.

## II. The Particular Legal Claims in This Case Make Attorney Access Crucial.

In-person access and ability to exchange documents with Mr. Bergal will be crucial to his ability to present his legal claims in a timely and complete way both in the instant petition and in his removal proceedings. Mr. Bergal was shot by Respondents and subsequently hospitalized. *See* Exh. A, *ICE officer shoots, wounds man in car on crowded New York street.* In order to obtain the medical records for his care, counsel has to obtain his authorization as well as any records in his

possession. Obtaining such authorization and records often requires in-person attorney visits. Exh. B, Ostolaza Decl. at ¶ 5-8.

Moreover, Mr. Bergal may require physical examination to substantiate his legal claims, which include a medical indifference claim.

Finally, Mr. Bergal is the father of two young children, ages one and five. If transferred far from New York, he would lose the ability to see and visit with his children. Accordingly, local detention with the accompanying ability to have family visits are of particular importance to him and aligns with the public interest of preserving, rather than disrupting, family integrity. *Cf. Moore v. City of E. Cleveland*, 431 U.S. 494, 503 (1977) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *D.J.C.V. v. United States*, 605 F. Supp. 3d 571, 592 (S.D.N.Y. 2022) (same and collecting cases).

**CONCLUSION**

For the foregoing reasons, Petitioners respectfully request that the Court issue an order under the All Writs Act and/or the Court's inherent equitable authority to enjoin transfer of Petitioners outside the states of New York or New Jersey, or in the alternative to order his return if he has already been transferred, so as to maintain the status quo at the commencement of this litigation.

Dated: October 9, 2026

/s/ Paige Austin
Paige Austin
Harold A. Solis
Make the Road New York
301 Grove St.
Brooklyn, NY 11237
Tel. (718) 418-7690

Paige.Austin@maketheroadny.org
Harold.Solis@maketheroadny.org