October 13, 2026

The Honorable John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

The Court thanks the parties for the update. By October 15, 2026, the parties shall file a stipulation of dismissal under Rule 41(a)(1)(A)(ii), as they propose below.
SO ORDERED.
October 14, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

Re: *Bergal v. Genalo*, *et al.*, 1:26-cv-08928 (JPC)

Dear Judge Cronan:

We represent Oscar Bergal in this habeas proceeding under 28 U.S.C. § 2241. On October 9, 2026, the Court ordered Petitioner to state by October 13 how he would proceed in response to Respondents' contention that this Court lacks jurisdiction because, when he filed the petition, he was not detained within the Southern District of New York. This letter sets forth Petitioner's proposed course of action.

As an initial matter, Petitioner is willing to concede that he was not detained in this District when he filed the petition, in light of the information Respondents provided to the Court at the hearing on October 9, 2026. By conceding this point, Petitioner wishes to avoid unnecessary litigation over jurisdiction and conserve judicial resources.

The remaining question is what the Court should do under the circumstances presented here. Petitioner respectfully submits that the Court should dismiss the petition without prejudice to refiling in a court with jurisdiction over his claims. Counsel have conferred, and Respondents do not oppose dismissal without prejudice.

The Court may dismiss the petition promptly and without prejudice by any of three routes.[1]

First, the Court may dismiss under Rule 4 of the Rules Governing Section 2254 Cases, without further motion practice or submissions by the parties. Rule 4 requires dismissal when it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* 28 U.S.C. § 2243 (requiring a judge to act on a habeas petition "unless it appears that the applicant or person detained is not entitled" to relief). Here, the defect

[1] Petitioner could dismiss voluntarily and unilaterally under Rule 41(a)(1)(A)(i), but the undersigned understands the Court's October 9 order to require further action by the Court.

in the petition has become readily apparent. The petition alleged that Petitioner was confined in this District when he filed. ECF No. 1 ¶¶ 7, 15. But Petitioner's concession—consistent with Respondents' representations at the October 9 hearing—establishes that he was not. Under these circumstances, dismissal would rest on a jurisdictional defect, not the merits. Accordingly, dismissal should be without prejudice. *See Miller v. Brightstar Asia, Ltd.,* 43 F.4th 112, 126 (2d Cir. 2022) ("A dismissal for lack of jurisdiction must be without prejudice rather than with prejudice.").

Second, the Court may dismiss without prejudice under 28 U.S.C. § 1406(a), because venue in this District is improper.

Finally, the Court may ask the parties to file a stipulation of dismissal under Rule 41(a)(1)(A)(ii). Respondents have said they will do so if the Court believes this is the best course of action.

***

We thank the Court for its consideration of this submission.

Respectfully,

/s/ Harold A. Solis
Harold A. Solis
Paige Austin
Make the Road NY
301 Grove Street
Brooklyn, NY 11237

cc: Counsel for Respondents